J. SPENCER AVERY, RESPONDENT, v. JOSEPH L. WILLIS AND OTHERS, APPELLANTS.

*County Court — has no jurisdiction of an action to reform and foreclose a mortgage.*

Where, by mistake, the land intended to be covered by a mortgage is therein so vaguely and uncertainly described as to render it impossible to identify and locate it, an action to reform the mortgage by correcting the error in the description of the land, and to foreclose the mortgage as so reformed, can be brought in the Supreme Court, but cannot be brought in a County Court, the latter court not having jurisdiction of an action to reform a mortgage.

APPEAL from a judgment of the County Court of Madison county, rendered in favor of the plaintiff.

*Henry Barclay* and *G. A. Forbes*, for the appellants.

*John E. Smith*, for the respondent.

BOCKES, J.:

This action was brought in the County Court of Madison county, for the reformation of a mortgage, and for its foreclosure.

It may be remarked preliminarily that there would be, as we think, no difficulty in affirming the judgment in this case, barring the question as to the statute of limitations, had the action been in the Supreme Court, a court possessing general equity powers.

It is well proved that the defendant, Joseph L. Willis, was indebted to the plaintiff in the sum of $1,500 when he made the mortgage in suit, December 29, 1866, and that he then agreed to give the plaintiff a mortgage on the premises "his grandfather Long gave him," being the premises sought to be charged with the mortgage lien, to secure the payment of the $1,500 and interest; and further, that, in pursuance of such agreement, he did then execute to the plaintiff the mortgage in suit; also that the appellants knew, when they accepted their subsequent mortgage, of the existence of the plaintiff's mortgage, and that it was supposed to be, as it was intended to be, a valid lien on the Long farm. Subsequently it was discovered that the plaintiff's mortgage was defective in this: That, by its terms, it did not describe the Long farm, nor indeed any particular premises whatsoever; that the description was entirely indefinite and uncertain as to the lands purporting to be mortgaged. The description was as follows, to wit: "All that certain tract or parcel of land lying and being in the town of Eaton, county and State aforesaid, and being one equal undivided one-half of lot No. 152, and containing 112 acres of land more or less." The farm intended to be mortgaged was never known as lot No. 152, and was estimated to contain but 100 acres, not 112.

There was absolutely nothing whatever in the description to distinguish the lot or farm intended to be mortgaged from any other farm of equal number of acres in the town of Eaton. The description would apply as well to one farm of 112 acres, situate in that town, as to another. So the mortgage, as executed, delivered and recorded, was not an effectual lien upon any land or farm whatsoever. It could be made effectual only by an action, with sufficient averments of fact, wherein it might be shown that the mortgagor agreed to give a mortgage on a particular farm, and that the mortgage in suit was intended to carry out such agreement, and to cover such farm, and the obtaining of a judgment or decree of the court declaring the mortgage effectual as a lien, according to the agreement and intention of the parties. Such action would be an action in equity, and the obtaining of the decree declaring the lien would be a prerequisite to the right to enforce it by foreclosure.

The question then is, had the County Court jurisdiction of this branch of the case here before us on appeal? Undoubtedly a court

of general equity jurisdiction might entertain an action for the double purpose of declaring a lien and enforcing it by foreclosure. Such actions have been frequently maintained in the Supreme Court. The case of *Crippen* v. *Baumes* (15 Hun, 136) is one of many belonging to this class of actions. Still, the remedies sought are independent remedies, and might be attained by separate actions, and each would be open to separate and independent defenses. The proceeding to obtain a reformation of the mortgage is, in no respect, secondary or ancillary to the proceedings to foreclose the mortgage; on the contrary, it is primary in purpose and importance, as no relief by foreclosure could be had until the reformation of the mortgage should be decreed. The right to foreclose was dependent on this relief, and this relief could only be obtained by an action in equity. It follows that the County Court had no jurisdiction of this leading, independent and controlling branch of the case. That court has original jurisdiction only in certain specified cases. (Art. 6, § 15, State Const.; Code of Civ. Pro., § 340.) An action or proceeding to obtain the reformation of a defective deed, mortgage or other instrument is not among such cases. Section 348 of the Code of Civil Procedure does not obviate the difficulty of the want of jurisdiction. That section has reference to cases of which the County Court has jurisdiction.

The judgment must be reversed; and, being reversed for want of jurisdiction, the complaint should be dismissed, as the plaintiff could gain nothing by a new trial.

This conclusion renders it unnecessary to examine another important question, that of the statute of limitations.

Judgment reversed, new trial granted, costs to abide the event.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.